IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| THOMAS McCLAIN GUINN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:18-cv-00274 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHARLES CRUMPLER, *et al.*, | ) | By: Joel C. Hoppe |
|     Defendants. | ) | United States Magistrate Judge |

In this civil rights action filed by plaintiff Thomas McClain Guinn, a Virginia inmate proceeding *pro se*, there are a number of pending motions, all of which concern whether Guinn should receive any discovery at this point in the case and, if so, what he is entitled to receive. This order addresses all of these motions, leaving only defendants' motion for summary judgment pending.

I. BACKGROUND

After the court directed service upon defendants, the seven defendants named in Guinn's amended complaint waived service and answered the amended complaint. Before defendants even filed their motion for summary judgment, Guinn filed discovery with the court, as well as a "motion to temporarily block summary judgment under Rule 56(d)(2)" (Dkt. No. 28). In that motion, he asserts that the court should give him time to complete discovery and require defendants to respond to his requests for admissions before addressing any summary judgment motion. Similarly, referencing Rule 56(d), his response to the summary judgment motion also complains that he needs discovery in order to respond and that summary judgment should be denied until discovery is completed. (Dkt. No. 36 at 1–2.) Again, he references his requests for admissions, propounded before the summary judgment motion was filed. (*Id.*)

In his first motion to compel (Dkt. No. 29), Guinn requests specific documents be produced, including "the record Appeal Package" for "GROC-2018-0644" and the "Employee work Profile-Work Description and Performance Plan" for each of the defendants. He again claims that he needs this material to respond to an anticipated motion for summary judgment. (*Id.*)

Subsequent to the defendants' filing of their summary judgment motion, which remains pending, Guinn has filed his second and third motions to compel (Dkt. Nos. 37, 43), both of which defendants have opposed (Dkt. Nos. 38, 44). His second motion is again filed pursuant to Rule 56(d) and requests time to obtain affidavits and to take discovery. He claims that answers to his requests for admission will show the defendants' violation of policy and procedure and he requests affidavits from Warden Davis and L. Gibbs. Similarly, his third motion to compel (Dkt. No. 43) again requests: (1) answers to his requests for admission; (2) a copy of all employee work profiles; and (3) sworn affidavits from Gibbs, Sgt. Marion, and Warden Davis.

For their part, defendants have moved to stay discovery pending a decision on the summary judgment motion. (Dkt. No. 34.) In support of their request, they make two basic arguments. First, they note that they have sought dismissal and/or summary judgment of numerous claims on the grounds that Guinn failed to exhaust them. *See* 42 U.S.C. § 1997e(a). They claim that the discovery sought by Guinn is unnecessary at this stage of the case and that it will be overly burdensome relative to its likely value in the case, particularly because they contend that they are entitled to summary judgment on his claims on various grounds.

Second, they note that their summary judgment motion is based, in part, on the grounds of "qualified immunity" and "quasi-judicial immunity." From this, they argue that they should be spared the burdens of discovery.

## II. DISCUSSION

Having considered the arguments of the parties, I first note that some aspects of Guinn's motions are meritless. For example, as defendants note in their responses to his latest two motions to compel, some of the "requests" Guinn references were not made in discovery requests, but in motions filed with the court. For still others, he filed his motions to compel before the expiration of the deadline for defendants to respond.

Those issues aside, some of the discovery that Guinn requests in his motions also is plainly improper. For example, he repeatedly requests "affidavits" from defendants Gibbs, Davis and Marion (the only three defendants who did not submit affidavits in support of the summary judgment motion), but there is no basis for him to require those defendants to produce *affidavits* on certain topics. Similarly, his request for "employee files" related to all of the defendants is overly broad and calls for the production of (at least mostly) irrelevant information. Thus, those items of discovery will not be compelled.

His request for an entire and complete copy of "the appeal package (GROC-2018-0644)" of a disciplinary charge is premised on his assertion that one page of that document is missing from the copy attached by defendants to their opposition to Guinn's motion for temporary restraining order. He appears to believe that the missing page would contain a "racial insult" by defendant Warden Davis against him, which may be discoverable. Likewise, *some* of his requests for admission (Dkt. No. 27) include information that he might need in order to respond to the summary judgment arguments.

Looking at the issue of discovery in broad terms in this case, a decision on exhaustion (which pertains only to some of Guinn's claims) might well narrow the scope of discovery needed in this case. Likewise, the arguments in support of quasi-judicial immunity could lead to

3

the dismissal of two defendants. Defendants' qualified immunity arguments, by contrast, are primarily based on an assertion that there was no constitutional violation, and so they implicate the *merits* of Guinn's claims. Prohibiting Guinn from any discovery as to the merits of his claims, then, would not be proper.

Considering all of these factors, I conclude that unfettered discovery is not appropriate or necessary at this time. However, Guinn should be permitted discovery if there are specific categories or narrow topics of discovery that he can identify and if, for each, he can explain why he needs that discovery in order to adequately respond to the summary judgment motion, as contemplated by Rule 56(d).

Accordingly, defendants' motion to stay discovery (Dkt. No. 34) will be GRANTED IN PART. Defendants will not be required to answer previously served (or filed) discovery, but I will allow Guinn fourteen days to file a notice that specifically identifies the discovery that he needs in order to respond to the summary judgment motion. He should identify in detail what specific information or categories of information he needs and explain why he needs them. The court will then evaluate those requests in light of the summary judgment arguments and determine what, if any, of the requested discovery is needed. If any discovery is permitted, Guinn will be given additional time to respond to the summary judgment motion.

### III. CONCLUSION

For the reasons set forth above, it is ORDERED as follows:

1. Guinn's first, second, and third motions to compel (Dkt. Nos. 29, 37, 43) are DENIED IN PART and DENIED WITHOUT PREJUDICE IN PART at this time. His requests are DENIED insofar as they seek to compel defendants to provide affidavits or to produce defendants' employee files. His motions to compel are

otherwise denied without prejudice as to his general requests for discovery.  **Not later than 14 days after entry of this order, Guinn shall file a notice listing the *specific* categories of information about which he seeks discovery, and a brief explanation about why he needs that discovery in order to respond to the pending summary judgment motion.**  The court will then evaluate those requests in light of the summary judgment arguments and determine what, if any, of the discovery is needed.

2. Guinn's motion to temporarily block summary judgment (Dkt. No. 28) is GRANTED only insofar as he will not be required to respond to the motion for summary judgment until any discovery ordered by the court is completed.

3. Defendants' motion to stay discovery (Dkt. No. 34) is GRANTED IN PART and DENIED IN PART.  Discovery will not be allowed at this time, but the court will consider Guinn's specific requests for discovery as referenced in paragraph 1 above.

The Clerk of Court shall send copies of this Order to the parties.

It is SO ORDERED.

ENTER: September 18, 2019

/s/ Joel C. Hoppe
United States Magistrate Judge